Chief Judge KOZINSKI,
dissenting:
The majority is wrong, wrong and wrong again. Cardenas’s convictions are solid as a rock.
First, the district court’s evidentiary rulings didn’t deprive Cardenas of his right to *111 present a defense. Contra maj. op. at 108. At his first trial, Cardenas claimed to be “Carlos Martinez.” See, e.g., United States v. Martinez, No. 07-cr-2231 (S.D.Cal. Jan. 17, 2008) (docket entry 34). He introduced testimony from a family friend who said that she had known “Mr. Martinez” for 15 years. This friend testified about “Mr. Martinez’s” age, U.S. citizenship and reasons for assuming Alfonso Pioquinto’s identity. After his first trial, the government discovered that “Carlos Martinez” was actually a U.S. citizen whose identity Cardenas had stolen in 1993 and used ever since. It also discovered that Cardenas was Cardenas, so, at his second trial, he had to proceed under his real name. See, e.g., United States v. Cardenas, No. 07-cv-2231 (S.D.Cal. Sept. 22, 2009) (docket entry 117).
Since Cardenas could no longer pretend to be Carlos Martinez, the testimony about “Mr. Martinez” that he presented at his first trial retained little, if any, probative value. What good would it do Cardenas to have a witness testify about knowing Martinez? The district court’s exclusion of such evidence from the second trial wasn’t error at all, much less constitutional error. See United States v. Smith-Baltiher, 424 F.3d 913, 922 (9th Cir.2005) (“[T]he defendant was entitled to present probative evidence .... ” (emphasis added)); United States v. Cruz-Escoto, 476 F.3d 1081, 1088 (9th Cir.2007) (“In considering whether the exclusion of evidence violates due process, this court considers [its] probative value .... ” (internal quotation mark omitted)). Although Cardenas has a constitutional right to present a defense, that right is subject to reasonable limits. See Fed. R.Evid. 403; Menendez v. Terhune, 422 F.3d 1012, 1033 (9th Cir.2005). SmithBaltiher doesn’t suspend these limits. See, e.g., United States v. Flores-Villar, 536 F.3d 990, 999 (9th Cir.2008). Precluding the introduction of evidence that had been made irrelevant by changed circumstances did not deny Cardenas a fair trial.
Second, Cardenas’s identity theft conviction is legally sufficient. Contra maj. op. at 110. It’s undisputed that Cardenas gave a name and a date of birth to the Border Patrol agent. It’s also not in dispute that a record check on that information returned a hit for Carlos Martinez, the real-life victim of Cardenas’s identity theft. And Cardenas had an original of Carlos Martinez’s birth certificate, proving that he knew Martinez was a real person. See United States v. Maciel-Alcala, 612 F.3d 1092, 1094, 1102 (9th Cir.2010). Thus, the name Cardenas gave — whether it was “Carlos Martinez-Casqueda” or “Carlos Martinez” — met the statutory definition of a “means of identification of another person,” i.e., of the real Carlos Martinez. See 18 U.S.C. § 1028A(a)(l); id. § 1028(d)(7)(A); see also Flores-Figueroa v. United States, — U.S. -, 129 S.Ct. 1886, 1893-94, 173 L.Ed.2d 853 (2009).
Third, the majority tells only half the story when it holds that the prosecutor’s representations at the bill of particulars hearing created a fatal variance from the identity theft indictment. See maj. op. at 109-110. Defense counsel asked “if the government is representing to me and to the court that the charges are that on July 17th, 2007, the defendant gave the name [Carlos Martinez and Martinez’s] date of birth.” The prosecutor answered that defense counsel had “just recited” the “scope of the charges” accurately. According to the majority, this “confirmed that the act charged in the indictment was the giving ... [of] the name Carlos Jesus Martinez.” Maj. op. at 109. But the prosecutor immediately added that “there is a lot of evidence the government will put into a trial.... [T]he government has put out in discovery ... everything [CardenasJ’s ever done loith any names.” The prosecutor’s *112 full statement (not the truncated version the majority cites) put Cardenas on notice that the case against him could involve other names — for example, “Carlos Martinez-Casqueda.” There was no variance between the prosecutor’s statements at the hearing and her argument at trial that the jury could convict Cardenas of using the name “Carlos Martinez” or “Carlos Martinez-Casqueda.” Cf. United States v. Adamson, 291 F.3d 606, 610 n. 2, 616 (9th Cir.2002) (fatal variance in fraud case where government introduced evidence of a type of misrepresentation different from the one discussed at a pretrial hearing, and where the prosecutor had said at the hearing that no other types of misrepresentations were at issue).
Because there’s no merit to Cardenas’s claims that the encounter with the Border Patrol agent wasn’t consensual, see United States v. Washington, 490 F.3d 765, 771-72 (9th Cir.2007), or that the prosecutor committed misconduct in her closing argument, see United States v. Reyes, 577 F.3d 1069, 1077 (9th Cir.2009), I see this as an easy affirm.